RECEIVED
AUG 28 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

| | |
|---|---|
| G.D. FRESH DISTRIBUTION,<br>INC., an Oregon Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ALASKA FRESH CUT, INC.,<br>an Alaska Corporation<br><br>Defendant. | Case No. A04-275-CV (RRB)<br><br><br><br><br><br>**SCHEDULING AND PLANNING<br>CONFERENCE REPORT** |

1. **Meeting**. The parties have been, for approximately the previous 15 months, exploring settlement of this litigation, which has a potential recovery for Plaintiff in the thirty thousand dollar range and is thus problematic to economically litigate. The parties, through counsel, were in agreement that the matter should be stayed through mid-summer 2006, so that their remaining settlement position differences could be submitted to a mediator. Unfortunately, efforts subsequent to that to contact Defendants' lawyer to arrange the mediation have proved unsuccessful. Defendant's counsel could also not be reached by the deadline set by the court: today, August 28, 2006, for the submission of a status report so this report is filed unilaterally without the participation of Defendant's counsel as Plaintiff's best effort to comply with the requirements of FED. R. CIV. P. 26(f) and in order to avoid further delay in moving the case forward.

The following is recommended:

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

2. **Pre-Discovery Disclosures**. The information required by FED. R. CIV. P. 26(a)(1) will be exchanged by the parties by September 30, 2006. No changes to the disclosure requirements are proposed.

3. **Contested Issues of Law and Fact**. Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

A. Whether some or all of the Defendants are liable to Plaintiff for damages under the provisions of the Perishable Agricultural Commodities Act of 1930[1] ("PACA") based on Defendant Alaska Fresh Cut, Inc.'s failure to pay Plaintiff for certain fresh fruits and vegetables shipped by Plaintiff to Defendant in Alaska.

B. Whether Plaintiff complied with the PACA requirements in dealing with Defendant Alaska Fresh Cut, Inc. and thus perfected its claims under that law.

4. **Discovery Plan**. The following discovery plan is proposed to the court.

A. Discovery will be needed on the following issues.

1. The business condition of Defendant Alaska Fresh Cut, Inc. during the period of its dealings with Plaintiff giving rise to the claims in this litigation and the knowledge of the various officers and directors of Defendant Alaska Fresh Cut, Inc. as to same at all relevant times.

2. The dealings by Defendant Alaska Fresh Cut, Inc. in such funds as should have been available to pay Plaintiff the knowledge of the various officers and directors of Defendant Alaska Fresh Cut, Inc. as to same at all relevant times.

---

[1] 7 U.S.C. §§ 499a-499t.

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

       3.     The current status of all assets of Defendant Alaska Fresh Cut, Inc. dating from the period of its dealings with Plaintiff giving rise to the claims in this litigation.

    B.     All discovery commenced in time to be completed by March 31, 2007.

    C.     Limitations on discovery.

       1.     Interrogatories. No change from FED. R. CIV. P. 33(a).

       2.     Requests for Admissions. No change from FED. R. CIV. P. 36(a).

       3.     Depositions. No change from FED. R. CIV. P. 36(a).

    D.     Reports from retained experts. Not later than 90 days before the close of discovery subject to FED. R. CIV. P. 26(a)(2)(C).

    E.     Supplementation of disclosures and discovery responses are to be made periodically at 60-day intervals from the entry of the scheduling and planning order.

    F.     A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due 45 days prior to the close of discovery.

5.    **Pretrial Motions**. No change from D. AK. LR 16.1(c).

6.    Other Provisions.

    A.     A conference with the court is not requested before the entry of the scheduling order.

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

B.    Alternative Dispute Resolution. [D. AK. LR 16.2]. A request for alternative dispute resolutioon in the form of mediation will be filed not later than November 30, 2006.

C.    Plaintiff does not object to a trial before a magistrate judge.

D.    Compliance with the Disclosure Requirements of FED. R. CIV. P. 7.1. Plaintiff has complied.

7.    **Trial**.

A.    This matter will be ready for trial 45 days after the discovery close date.

B.    This matter is expected to take 4 days to try.

C.    No jury has been demanded.

DATED at Anchorage, Alaska, this 28th day of August, 2006.

EDGREN LAW OFFICES, LLC

David R. Edgren
Alaska Bar No. 9406058

CERTIFICATION OF TYPEFACE AND FONT SIZE

I CERTIFY THAT the foregoing document is prepared in Times New Roman typeface with a 13 point type size.

8-28-06
Date

D. Edgren, Atty.

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317