Charles G. Evans, Esq.
Law Offices of Charles G. Evans
1351 Huffman Rd., Suite 201
Anchorage, Alaska 99515
907-278-4691

Attorney for Alaska Fresh Cut, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

G.D. FRESH DISTRIBUTION, INC.,

        Plaintiff,

vs.

ALASKA FRESH CUT, INC.,

        Defendant.

Case No. 04-275 CV (RRB)

### OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND
### CROSS MOTION FOR SUMMARY JUDGMENT AND DISMISSAL

COMES NOW Defendant, Alaska Fresh Cut, Inc. ("Alaska Fresh Cut"), by counsel,

Law Offices of Charles G. Evans, and opposes the motion of Plaintiff, G.D. Fresh

Distribution, Inc. ("G.D. Fresh"), for summary judgment. The affidavits of George Wilcox,

Bonnie J. Faulk, and counsel, the pleadings in this matter, and this memorandum, require

denial of the motion for summary judgment. Defendant moves for award of its summary

LAW OFFICES OF
CHARLES G. EVANS
1351 Huffman Road, Suite 201
Anchorage, Alaska 99515
(907) 278-4691

judgment, as Plaintiff can show no entitlement to enforce any lien or trust pursuant to 7

U.S.C. 499 due to its agreement to extend payment terms greater than 30 days.

Opposition to Motion for Summary Judgment and
Cross Motion for Summary Judgment and Dismissal

Page 1 of 9

Accordingly, as this Court has no jurisdiction, the complaint should be dismissed.

## Introduction

G.D. Fresh filed this complaint November 15, 2004, pursuant to 7 U.S.C. 499e, the Produce and Agricultural Commodities Act ("PACA"). Without notice to the Defendant, Plaintiff obtained a temporary restraining order and, likewise, a preliminary injunction issued from the bench, which was never reduced to writing because no order was ever submitted. Its terms have been served on no one. However, the summons was served upon John McGrew, an officer and director of the corporation, and Alaska Fresh Cut entered its appearance by the undersigned counsel and filed an answer dated February 14, 2005. The answer denies all material allegations of the complaint, specifically including the perfection of any PACA lien. The answer asserts similar affirmative defenses including the failure to give proper and timely notice and Plaintiff's agreement to payment terms greater than 30 days, which bars assertion of a PACA trust claim by G.D. Fresh. Docket at 11. The substantial defenses of Alaska Fresh Cut to the PACA trust claim of G.D. Fresh were raised early in this matter but have never been resolved. Affidavit of Counsel, Charles G. Evans. Instead, the parties attempted to negotiate settlement. The Court should be advised that at one point the parties were $3,500.00 apart with respect to settlement. Neither of the parties have made any Civil Rule 26 disclosures, nor have they served or responded to any discovery requests. Id.

This small matter, clearly under the jurisdictional limits of this Court, should be dismissed on Defendant's cross motion for summary judgment because Plaintiff lost any protection of PACA by agreeing to payment terms in excess of 30 days. Consequently, no

LAW OFFICES OF
CHARLES G. EVANS
1351 Huffman Road, Suite 201
Anchorage, Alaska 99515
(907) 278-4691

federal court jurisdiction exists.  Furthermore, summary judgment is inappropriate because

material issues of fact show Plaintiff failed to perfect all of its claim, at least one invoice

was paid, and several invoices include dairy or meat not covered by PACA.  Plaintiff failed

to timely amend its complaint to sue any unnamed "directors".  Basic due process requires

service of a summons and complaint to initiate a lawsuit against individuals.  Plaintiff's

request to enter summary judgment against unnamed parties without showing even a trust

res or violation of a trust strains credulity.

### Additional Facts

Defendant points to the affidavit of George Dziak, Docket at 2, Affidavit of George

Dziak, paragraphs 13 - 14, in support of the motion for temporary restraining order, the only

affidavit supporting the Plaintiff's motion for summary judgment, to show that Plaintiff, G.D.

Fresh, agreed to payment terms greater than 30 days in violation of 7 U.S.C. 499e and the

accompanying regulations.  In re Altobon Foods, Inc., 998 F.2d 718 (9th Cir. 1993).

The affidavit of George Wilcox shows the G.D. Fresh and Alaska Fresh Cut entered

into an agreement on May 27, 2004 to relax the terms of payment by extending the due

date for invoices to greater than 30 days.  The affidavit of George Dziak, paragraphs 13

and 14, confirms an agreement was reached.  George Wilcox memorialized the agreement

in writing and G.D. Fresh confirmed the agreement by written communications to Alaska

Fresh Cut.

The affidavit of George Wilcox specifically shows Alaska Fresh cut and G.D. Fresh

entered into an agreement for Alaska Fresh Cut to pay invoices numbered 4187 and 4201,

dated April 5 and April 12, respectively, on May 27, more than 30 days after the date of the

LAW OFFICES OF
CHARLES G. EVANS
1351 Huffman Road, Suite 201
Anchorage, Alaska 99515
(907) 278-4691

invoices.  Alaska Fresh Cut and G. D. Fresh further agreed that Alaska Fresh Cut would

pay invoices 4209 and 4217 dated April 20 and April 26, respectively, on June 2, 2004,

more than 30 days after the dates of the invoices.  The affidavit continues to provide other

examples.

The affidavit of Bonnie Faulk shows Plaintiff sent Alaska Fresh Cut a PACA notice

of intent September 16, 2004.  Accordingly, September 16, 2004 is the earliest possible

date of perfection.  Her affidavit also shows Alaska Fresh Cut received a notice of the claim

from the Department of Agriculture dated September 29th on October 5th.  G.D. Fresh has

not shown the date its notice was received by the Department of Agriculture.  The affidavit

of Bonnie J. Faulk also shows that one invoice was paid and others contained meat and

dairy products.

## Argument

I.    Plaintiff agreed to payment terms greater than 30 days barring enforcement
of any PACA trust.

The provisions of PACA, and the accompanying regulations of the Secretary of

Agriculture, permit payment terms of not greater than 30 days.  In re Altabon Foods, Inc.,

998 F.2d 718 (9th Cir. 1993); In re Davis, 861 F.2d 416 (4th Cir. 1988); Greg Orchards &

Produce, Inc. v. Roncone, 180 F. 3d 888 (7th Cir. 1999); In re Lombardo Fruit & Produce

Co., 12 F.3d 806 (8th Cir. 1993); Patterson Frozen Foods v. Crown Foods Intern., 307 F.

3d 666 (7th Cir. 2002).  If the seller enters into an agreement for payment terms greater

than 30 days, even if the agreement is after delivery of the produce, the seller can not

enforce the PACA trust provisions.  American Banana v. Republic Nat. Bank of New York,

362 F. 3d 33 (2nd Cir. 2004).

LAW OFFICES OF
CHARLES G. EVANS
1351 Huffman Road, Suite 201
Anchorage, Alaska 99515
(907) 278-4691

Opposition to Motion for Summary Judgment and                                    Page 4 of 9
Cross Motion for Summary Judgment and Dismissal

On May 27, 2004 G.D. Fresh and Alaska Fresh Cut entered into payment terms for greater than 30 days. This agreement is memorialized in writing by communications between the parties. The affidavit of George Wilcox shows G.D. Fresh, in order to keep shipping produce to Alaska Fresh Cut, agreed to extend payment terms to Alaska Fresh Cut greater than 30 days. Accordingly, G. D. Fresh lost any rights to enforce the PACA trust with respect to invoices which followed the May 27, 2004 agreement, all of those asserted.

The provisions of PACA, especially establishing the elements for enforcement, are strictly construed. In re Marvin, 854 F. 2d 1183 (9th Cir. 1988); In re San Joaquin Food Services, 958 F. 2d 938 (9th Cir. 1992), in part due to, no doubt, similar to other lien laws with respect to perfection issues, the "Draconian" impacts of the trust provisions of PACA. In re DKMB, Inc., 95 B.R. 774, 779 (Bankr. D. Colo. 1989).

The affidavit of George Wilcox shows the payment terms between Alaska Fresh Cut and G.D. Fresh were modified May 27, 2004 to extend payment for invoices beyond 30 days. This agreement was confirmed and communicated in writing to G.D. Fresh, which then confirmed in at least two written communications, the agreement extending payment beyond 30 days. These writing, without more, prove an enforceable agreement between merchants pursuant to A.S. 45.02.201(b) which provides the applicable UCC statute of frauds as follows:

> Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of (a) of this section against the party unless written notice of objection to its contents is given within 20 days after it is received.

LAW OFFICES OF
CHARLES G. EVANS
1351 Huffman Road, Suite 201
Anchorage, Alaska 99515
(907) 278-4691

See, In re Richmond Produce, 112 B.R. 364, 373 (No. D. Cal. 1990). As G.D. Fresh can not show any material factual issue disputing its agreement to extend payment terms beyond 30 days after May 27, 2004, the Court must grant summary judgment to Alaska Fresh Cut and dismiss this case for lack of jurisdiction.

II.    Plaintiff failed to timely perfect its PACA claim.

Plaintiff sent its notice of intent to assert a PACA trust claim to G. D. Fresh on September 16, 2004 as shown by the affidavit of Bonnie J. Faulk. On October 5th the Department of Agriculture sent its letter dated September 29, 2004 to Alaska Fresh Cut. Id. To perfect, the PACA notice of intent must be sent to Alaska Fresh Cut and the Department of Agriculture. The affidavit of George Dziak does not say when his notice was sent to the Department of Agriculture and , that alone, bars entry of summary judgment.

The date of perfection can be no earlier than September 16th, the date Alaska Fresh Cut received the PACA notice of intent, and as late as September 29, 2004, the date of the letter USDA sent to Alaska Fresh Cut.

The affidavit of George Dziak, states the payment terms of Alaska Fresh Cut were 21 days net from the date of invoice. Docket 11, Affidavit of George Dziak, paragraph 5. However, Mr. Dziak offers no proof that the parties entered into a written agreement for the payment terms of 21 net. Without the showing of a written agreement for payment net 21, the payment terms are, at best for G.D. Fresh, 10 net, as established by the applicable regulations. See, 7 C.F.R. § 46.2(aa)(5) and (11).

Exhibit 1 to this opposition shows for each asserted invoice, the invoice number, its date, payment terms of 10 net, with the date for perfection no later than 30 days thereafter.

LAW OFFICES OF
CHARLES G. EVANS
1351 Huffman Road, Suite 201
Anchorage, Alaska 99515
(907) 278-4691

If G.D. Fresh perfected by September 16, 2004, the earliest possible date, all invoices asserted dated August 3, 2004 or earlier were not perfected within 30 days of the date payment was due. If G.D. Fresh perfected on September 29, 2004, the date of the USDA notice to Alaska Fresh Cut, all invoices dated August 24, 2004 or earlier were not perfected within 30 days of the date payment was due.

Plaintiff is not entitled to recover for any invoice dated August 24, 2004 or earlier because it failed to timely perfect its PACA lien or trust within 30 days of its date. Alternatively, since G.D. Fresh fails to show delivery of its notice to the USDA, summary judgment can not be granted as to any invoice.

III.    Plaintiff's claim includes non-perishable commodities as defined by 7 U.S.C. 499a(b)(4)(A).

PACA applies only to produce as defined in 7 U.S.C. 499a(b)(4)(A) which provides perishable commodities:

> Means any of the following, whether or not frozen or packed in ice: Fresh fruits and fresh vegetables of every kind and character;

This definition of perishable commodities does not include meat products like frozen chicken, nor dairy products. Invoices 4356A, 4376A, 4391, 4404A include non-produce items including frozen chicken and dairy products, as shown by the affidavit of Bonnie J. Faulk.

Plaintiff is not entitled to summary judgment in the amount claimed because its claim includes non-produce commodities.

IV.    Plaintiff's claim includes invoices previously paid by Alaska Fresh Cut.

The affidavit of Bonnie J. Faulk shows invoice number 4333 was paid by Alaska

LAW OFFICES OF
CHARLES G. EVANS
1351 Huffman Road, Suite 201
Anchorage, Alaska 99515
(907) 278-4691

Fresh Cut and accordingly, Plaintiff is not entitled to summary judgment with respect to this invoice.

V.    <u>Plaintiff is not entitled to summary judgment against unnamed Defendants who are not parties.</u>

Plaintiff failed to name any individual Defendant in its complaint, nor did Plaintiff seek to amend its complaint as provided for in the pretrial order. In fact, Plaintiff has done nothing to prosecute this case until ordered by the Court to file a motion for summary judgment. The passage of time creates prejudice to any potential unnamed defendant. Basic due process and the lack of any jurisdiction by this Court over unnamed parties make this part of Plaintiff's request for summary judgment unsupportable. Moreover, Plaintiff has shown no trust res or any damages from a breach of trust, all necessary elements for Plaintiff to obtain summary judgment. <u>In re John DeFrancesco & Sons, Inc.,</u> 114 B.R. 335, 338 (Bkrtcy. D. Mass. 1990)

VI.    <u>Cross motion for summary judgment to dismiss case for lack of jurisdiction.</u>

The only allegation of jurisdiction in Plaintiff's complaint is 7 U.S.C. 499e(c)(5). Docket 1, paragraph 6. Defendant has shown Plaintiff can not assert its PACA claim and, accordingly, there is no other basis for continued jurisdiction in this Court. The complaint should be dismissed for lack of jurisdiction.

**Conclusion**

For all the above reasons, the court should deny the motion for summary judgment of Plaintiff and dismiss the complaint against Defendant for lack of jurisdiction.

LAW OFFICES OF
CHARLES G. EVANS
1351 Huffman Road, Suite 201
Anchorage, Alaska 99515
(907) 278-4691

Opposition to Motion for Summary Judgment and                                        Page 8 of 9
Cross Motion for Summary Judgment and Dismissal

DATED this 21st day of September, 2007.

LAW OFFICES OF CHARLES G. EVANS
Attorneys for Alaska Fresh Cut, Inc.


By:___/s/ Charles G. Evans_____
       Charles G. Evans
       ABA No. 7705019


Certificate of Service
I hereby certify that on September 21, 2007,
a copy of the foregoing *Opposition to Motion*
*for Summary Judgement and Cross Motion*
*for Summary Judgment and Dismissal* was
served electronically on:

David Edgren

_s/ Charles G. Evans____

1P-0078-2809.12.wpd

LAW OFFICES OF
CHARLES G. EVANS
1351 Huffman Road, Suite 201
Anchorage, Alaska 99515
(907) 278-4691

**Exhibit 1**

| Invoice Number | Date | Payment Due 10 days | 30 days to Perfect |
|---|---|---|---|
| 4333 | 7/13/04 | 7/23/04 | 8/22/04 |
| 4333A | 7/13/04 | 7/23/04 | 8/22/04 |
| 4345 | 7/27/04 | 8/6/04 | 9/5/04 |
| 4345A | 7/27/04 | 8/6/04 | 9/5/04 |
| 4356 | 8/3/04 | 8/13/04 | 9/12/04 |
| 4356A | 8/3/04 | 8/13/04 | 9/12/04 |
| 4364 | 8/10/04 | 8/20/04 | 9/19/04 |
| 4364A | 8/10/04 | 8/20/04 | 9/19/04 |
| 4376 | 8/17/04 | 8/27/04 | 9/26/04 |
| 4376A | 8/17/04 | 8/27/04 | 9/26/04 |
| 4391 | 8/24/04 | 9/3/04 | 10/3/04 |
| 4391A | 8/24/04 | 9/3/04 | 10/3/04 |
| 4404 | 8/31/04 | 9/10/04 | 10/10/04 |
| 4404A | 8/31/04 | 9/10/04 | 10/10/04 |

1M-0078-2809.02.wpd