David R. Edgren
Edgren Law Offices, LLC
645 G Street, Suite 300
Anchorage, Alaska 99654
(907) 272-3325



RECEIVED
OCT 1 2 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

| | |
|---|---|
| G. D. FRESH DISTRIBUTION, INC., an Oregon corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ALASKA FRESH CUT, INC., an Alaska corporation <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **OPPOSITION TO DEFENDANT'S** <br> ) **MOTION FOR SUMMARY** <br> ) **JUDGMENT AND DISMISSAL AND** <br> ) **REPLY TO DEFENDANT'S** <br> ) **OPPOSITION TO MOTION** <br> ) **FOR SUMMARY JUDGMENT** <br> ) |

Case No. A04-275-CV

Plaintiff G. D. Fresh Distribution, Inc. (hereinafter, "G. D. FRESH") hereby makes and submits its consolidated opposition to Defendant Alaska Fresh Cut, Inc's (hereinafter, "FRESH CUT") motion for summary judgment and dismissal, and reply to FRESH CUT'S opposition to the motion for summary judgment filed by G. D. FRESH. There is good cause, as explained following, to deny FRESH CUT'S summary judgment and dismissal motion as there are genuine issues of material fact barring entry of judgment for FRESH CUT and there are no grounds for dismissal as asserted. There remains good cause, also as asserted following, in light of FRESH CUT raising no matters in its opposition barring entry of summary judgment for G. D. FRESH, to grant G. D.

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

FRESH'S summary judgment motion, as qualified. The matter of G. D. FRESH'S reply is taken up first.

## REPLY

G. D. FRESH stands by the law and argument advanced and asserted in its summary judgment motion as allowing the court to dispose of the case on summary judgment. Except for the *de minimus* matters noted below, FRESH CUT raises nothing by way of opposition in its filing that demonstrates any material issue of fact that would bar entry of summary judgment generally. To such extent as it has noted individual items not covered by the Perishable Agricultural Commodities Act of 1930[1] ("PACA") that G. D. FRESH has sought summary judgment on, G. D. FRESH withdraws its PACA claims for these items, which are reflected on G. D. FRESH invoices 4356A, 4376A, 4391, and 4404A and itemized in the Affidavit of Bonnie J. Faulk on page three of that document. These items are agreed to total $2,819.50, and should not be included in the amount determined as resulting from summary judgment. Further, G. D. FRESH withdraws its PACA claims for G. D. FRESH invoices 4333 and 4333A based on these items being outside of the time for making a PACA claim. These two invoices total a further $4,171.05 and also should not be included in the amount determined as resulting from

---

[1] 7 U.S.C. §§ 499a-499t.

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL AND REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT -- PAGE 2 OF 8**

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

summary judgment. The removal of these items, however, also removes any bar to entry of summary judgment in the remaining amount claimed, for the following reasons.

The Opposition is Untimely and Should be Stricken. It is first noted that Defendant's opposition is not timely in any event under the local rules of this court[2]. It was filed over a month after it was due under the rules, and was not filed with any pleading seeking an enlargement of time based on excusable neglect[3]. The court is asked to consider this filing a request that that it strike and disregard those portions of FRESH CUT'S filing that assert FRESH CUT'S opposition based on this complete disregard of the rules of procedure, which is left entirely unexplained or otherwise justified.

There is No Agreement by G. D. FRESH to Payment Terms in Connection with the Invoices in Question in Excess of 30 Days. FRESH CUT, in opposing G. D. FRESH'S summary judgment motion, must demonstrate that there are genuine issues as to one or more material facts. Fed. R. Civ. P. 56(c). It first attempts to do this by seeking to demonstrate that G. D. FRESH made an informal agreement with FRESH CUT to extend its payment terms beyond 30 days in connection with the invoices in question. Accepting for the sake of argument that the various documents contended by FRESH CUT to form

---

[2] Fed. Rules Civ. P. 6(b).

[3] D.Ak. LCrR 7.1(e).

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

an agreement between the two companies in fact does so[4], a look at the dates of the invoices and the dates by which they would be paid demonstrates, as a simple math problem, that no payment on any invoice in question was promised by FRESH CUT to be paid later than 30 days after the invoice date. There is thus no genuine issue of material fact raised by FRESH CUT with respect to any informal agreement as to payment terms.

There is No Failure of G. D. FRESH to Timely Perfect its PACA Claim. FRESH CUT next attempts to do this by seeking to raise doubt as to when G. D. FRESH sent, as is required under the PACA rules, its notice of intent to the United States Department of Agriculture ("USDA")[5]. Two things make clear that, while such action is acknowledged to be a necessary part of the making of G. D. FRESH'S PACA claim, the issue is not a genuine one, as the facts establish that this was done. These things are exhibits to FRESH CUT'S opposition: AFC 0002 and AFC 0003. AFC 0002 establishes that G. D. FRESH had to have notified USDA by or before September 29, 2004, as that is the date of that agency's letter to FRESH CUT. AFC 0003, which is the second page of the notice in question, that being G. D. FRESH'S notice to the USDA, establishes that G. D. FRESH as a matter of fact gave notice to the USDA on or about September 23, 2004. Reference to the fax header at the top of both these exhibits discloses that they were sent from the

---

[4] Reference to the Statute of Frauds, as set forth in the Restatement, would indicate that there is no signature of the party to be bound in connection with any document that sets forth the extended terms with any specificity.

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL AND REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT -- PAGE 4 OF 8**

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

USDA to FRESH CUT on October 5, 2004. Taking the maximum time that G. D. FRESH could have extended its payment terms with FRESH CUT, that being 30 days under PACA as discussed above, and accepting for the sake of argument FRESH CUT's contention that the payment terms were so extended[6], adding that 30 days plus the additional 30 days for the provision of the PACA notices to FRESH CUT and USDA to the date of the first relevant invoice: 4345, dated July 27, 2004, allows calculation that the latest date that the notices could have been given as September 25, 2004. G.D. FRESH'S notice to USDA is dated September 23, 2004. Given the withdrawal from G. D. FRESH'S summary judgment claim of invoices 4333 and 4333A, there is no genuine issue of material fact raised by FRESH CUT with respect to the giving of the FRESH CUT and USDA notices.

There are no Non-Perishable Commodities Involved in G. D. FRESH'S Summary Judgment Claim. With the withdrawal of any contention that summary judgment should be granted covering PACA claims for non-perishable commodities reflected on G. D. FRESH invoices 4356A, 4376A, 4391, and 4404A and itemized in the Affidavit of Bonnie J. Faulk on page three of that document, and which total $2,819.50, there is no genuine issue of material fact involving these withdrawn claims that would bar entry of summary judgment.

---

[6] Defendant's Opposition, p. 6.

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL AND REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT -- PAGE 5 OF 8**

FRESH CUT'S Contention that it has Paid for One of the Invoices Does Not Raise a Genuine Issue of Material Fact. FRESH CUT'S affiant Bonnie J. Faulk asserts in her affidavit, without any supporting documentation, that FRESH CUT paid "[i]nvoice 4333 in the amount of [sic] 3441...by Alaska Fresh Cut check number 6034"[7] Faulk's statement is not competent evidence of the making of the payment[8]. In so failing, there is no genuine issue of material fact raised barring entry of summary judgment.

FRESH CUT'S Contention that G.D. FRESH Should Be Barred from Obtaining Summary Judgment Against Officers and Directors Personally Disregards FRESH CUT'S Failure to Comply with the Discovery Rules and Order. On February 2, 2005, G.D. FRESH submitted a motion to the court asking that the court would order certain discovery to be conducted at that time in this case. The discovery requests, which required disclosure, among others, of the names of FRESH CUT'S officers and directors were attached to the motion. The motion, discovery requests, and proposed order were served on FRESH CUT by process server on February 2, 2005, with the original return of service being filed with the court on February 8, 2005. On February 8, 2005, the court issued an order providing for the discovery. On February 13, 2005, the undersigned served the discovery requests on FRESH CUT by delivering a copy mailed by the

---

[6] See Defendant's Opposition, p. 4-6.

[7] Affidavit of Bonnie J. Faulk, p. 2, ¶2.

[8] Fed. Rules Evid. 1002.

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL AND REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT -- PAGE 6 OF 8**

undersigned postage-prepaid and postmarked to the address where service had been obtained.

Despite the contention of FRESH CUT'S attorney, FRESH CUT has been in the possession of discovery requesting the specific identity of its officers and directors since about February 2, 2005. Despite this, FRESH CUT has never responded to the discovery requests in any manner. G. D. FRESH will file on Wednesday, October 17, 2007, a motion to compel these and the other disclosures sought in the discovery, and for sanctions. In connection with this summary judgment motion, FRESH CUT under the circumstances should be estopped from asserting that judgment should not be entered against its officers and directors and those persons should be estopped from contending that entry of judgment against them would be barred by any statute of limitations. This should also hold true for any contention by FRESH CUT that G. D. FRESH has failed to identify the res of the PACA trust, which was also the subject of one of the aforementioned discovery requests. FRESH CUT'S assertion that G. D. FRESH has failed to show damages, under the circumstances, is absurd, and rises to the level of frivolous and thus sanctionable under the civil rules[9].

---

[9] Fed. Rules Civ. P. 11.

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL AND REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT -- PAGE 7 OF 8**

## OPPOSITION

G. D. FRESH asserts that it has substantiated, in the foregoing and in other filings with this court, its PACA claims not just in a manner that raise genuine issues of material fact, but literally as proven beyond a shadow of possible doubt. FRESH CUT'S attorney, however, appears to have confused a motion for summary judgment with a motion for dismissal based on want of jurisdiction. That is simply addressed by stating that G. D. FRESH has brought this lawsuit on its claims arising under PACA and this is the court of competent jurisdiction over such claims. It would require, in order for FRESH CUT to prove that G. D. FRESH does not have a PACA claim, that numerous issues of fact would be resolved. Its motion does nothing of the sort, and it should be denied out of hand.

DATED at Anchorage, Alaska, this 12th day of October, 2007.

EDGREN LAW OFFICES, LLC

By: _____
David R. Edgren
Alaska Bar No. 9406058

**CERTIFICATION OF SERVICE AND
OF TYPEFACE AND FONT SIZE**

I CERTIFY THAT a true and correct copy of the document to which this certification is affixed was caused by me to be served by USPS on

C. Evans, Esq., Atty. for Def.

I FURTHER CERTIFY THAT the foregoing document is prepared in Times New Roman typeface with a 13 point type size.

10-15-07
Date         D. Edgren, Atty.

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL AND REPLY TO DEFENDANT'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT -- PAGE 8 OF 8**