Charles G. Evans, Esq.
Law Offices of Charles G. Evans
12350 Industry Way, Suite 203
Anchorage, Alaska 99515
907-278-4691

Attorney for Alaska Fresh Cut, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| G.D. FRESH DISTRIBUTION, INC.,<br><br>     Plaintiff,<br><br>vs.<br><br>ALASKA FRESH CUT, INC.,<br><br>     Defendant. | Case No. 04-275 CV (RRB) |

### REPLY TO OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL FOR LACK OF JURISDICTION

Defendant, Alaska Fresh Cut, Inc. ("Alaska Fresh Cut"), by counsel, replies to the opposition of G.D. Fresh Distribution, Inc., ("G.D. Fresh"), to Defendant's motion for summary judgment and for dismissal for lack of jurisdiction. Plaintiff's "simple math" defense utterly fails to address the effect of the agreement, now conceded by the Plaintiff,

to extend payment terms beyond 30 days in violation of 7 U.S.C. 499 and controlling precedent in the Ninth Circuit. In re Altobon Foods, Inc., 998 F.2d 718 (9th Cir. 1993).

Plaintiff submitted no affidavit in opposition and conceded in its pleading the parties entered into an agreement to extend payment terms beyond 30 days. Plaintiff carefully crafts the opposition to say there is no agreement by G.D. Fresh to payment terms in connection with the invoices in question. This argument of counsel is not only inconsistent with the law, but also the uncontested facts in the affidavit of George Wilcox.

The affidavit of George Wilcox clearly shows at least two invoices asserted by Plaintiff, Invoices 4333 and 4333a, were specifically covered by the terms of an agreement extending payment beyond 30 days. Affidavit of George Wilcox.

More importantly, once a vendor enters into an agreement with a purchaser extending terms to pay of greater than 30 days, the sales of the vendor to the purchaser are no longer covered by PACA. Viewed through the lens of the underlying purpose, the relationship of the vegetable seller to the buyer is no longer within the short-term payment required by PACA. Agreements to pay beyond 30 days takes the relationship out of the statutory imprimatur of commercial reasonableness in the fresh vegetable market. In short, if the seller enters into an agreement for payment terms greater than 30 days, even if the agreement is after delivery of the produce, the seller cannot enforce the PACA trust provisions. American Banana v. Republic Nat. Bank of New York, 362 F.3d 33 (2nd Cir. 2004).

In addition to its "simple math" defense, Plaintiff asserts a 30 plus 30 day rule shows it timely perfected its PACA lien. Without showing a written agreement for payment terms

of greater than 10 days and less than 30 days, the payment terms are 10 net, as established by the applicable regulations. See, 7 CFR Section 46.2 (aa)(5) and (11). G. D. Fresh submitted no affidavit showing any written agreement for payment terms greater than 10 days. Accordingly, G. D. Fresh must have perfected within 40 days of the invoice date. G. D. Fresh submits no affidavit of when the Department of Agriculture received its copy of the notice. No proof of perfection before September 29 exists. Accordingly, all invoices dated August 24, 2004 or earlier were not timely perfected.

Finally, Plaintiff's assertion that it does not know the directors and officers of the Defendant requires rebuttal. Attached to this reply is a printout from the website of the Alaska Division of Corporations showing information which has been public since the incorporation of the Defendant showing its officers and directors. Plaintiff has known, or should have known, this information prior to commencement of this lawsuit. Plaintiff chose not to sue the individual directors and officers in their individual capacities and should not be allowed, after prejudice due to the passage of time, to now name the individuals.

In conclusion, for all of the above reasons, the Court should grant summary judgment to Defendant on the PACA claims of Plaintiff and dismiss this lawsuit for lack of jurisdiction.

DATED this 22nd day of October, 2007.

                LAW OFFICES OF CHARLES G. EVANS
                Attorneys for Alaska Fresh Cut, Inc.

                By:   /s/ Charles G. Evans
                      Charles G. Evans
                      ABA No. 7705019

<u>Certificate of Service</u>
I hereby certify that on October 22, 2007, a copy of the foregoing *Reply to Opposition to Defendant's Motion for Summary Judgment and Dismissal for Lack of Jurisdiction* was served by mail on:

David R. Edgren
Edgren Law Office
750 E Fireweed Lane, Suite 201
Anchorage, AK 99503


  s/ Charles G. Evans
1P-0078-2809.19.wpd