IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| G.D. FRESH DISTRIBUTION INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ALASKA FRESH CUT INC., an Alaska corporation,<br><br>    Defendant. | Case No. 3:04-cv-0275-RRB<br><br>**ORDER REGARDING<br>PENDING MOTIONS** |

I.   **INTRODUCTION**

Before the Court are Cross-Motions for Summary Judgment. At Docket 34, Plaintiff G.D. Fresh Distribution, Inc. ("Plaintiff") argues, based upon its invoices and written demand for payment to Defendant Alaska Fresh Cut, Inc. ("Defendant"), dated October 13, 2004, that it is entitled to summary judgment as a matter of law. Defendant opposes at Docket 40, and argues the Court lacks the requisite jurisdiction necessary to hear this matter, whereby it is entitled to summary judgment.  Defendant is incorrect.

**II. FACTS**

Inasmuch as the facts are well known to the parties and more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary.

**III. STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[1] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[2] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[3] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[4] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed

---

[1] <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

[2] <u>Id.</u> at 323-325.

[3] <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248- (1986).

[4] <u>Id.</u> at 255.

factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[5]

**IV. DISCUSSION**

Plaintiff initially argued that it was entitled to $40,141.38 for fresh fruits and vegetables sold to Defendant between July 13, 2004, and September 1, 2004.[6] Defendant conceded that it owed Plaintiff $34,220.83,[7] for a difference of $5020.55. Plaintiff <u>now</u> contends it is entitled to $33,150.83.[8]

Inasmuch as Plaintiff's renewed demand is $1070.00 less than that which Defendant concedes it owes, summary judgment is hereby entered in favor of Plaintiff, in the amount of **$33,150.83**, plus interest.[9]

**V. CONCLUSION**

As a result, and for additional reasons more carefully articulated within the relevant pleadings: (1) Plaintiff's Motion for Summary Judgment at **Docket 34** is **GRANTED**; (2) Defendant's

---

[5]  <u>Id.</u> at 248-9.

[6]  Docket 43 at 5.

[7]  Docket 2, Dziak Aff., Attach. 3.

[8]  Docket 51 at 2.

[9]  <u>Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.</u>, 307 F.3d 1220, 1225-26 (9th Cir. 2002)("a district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants . . . ."  Such an award - absent a contract - is discretionary.).

Cross-Motion for Summary Judgment at **Docket 47** is **DENIED**; and (3) Defendant's Motion to Dismiss at **Docket 46** is **DENIED**.[10]

ENTERED this 15th day of January, 2008.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[10] With respect to Defendant's Motion to Dismiss, the Court is hard-pressed to find any evidence of an agreement, either formal or informal, between Plaintiff and Defendant, that extends any and/or all payment terms beyond 30 days <u>in connection with the invoices in question</u>, i.e., invoices: 4345, 4345A, 4356, 4356A, 4364, 4364A, 4376, 4376A, 4391, 4391A, 4404, and 4404A. As a result, the Court concludes that it has the requisite jurisdiction necessary to resolve this matter, pursuant to the Perishable Agricultural Commodities Act of 1930, i.e., 7 U.S.C. §§ 499a-499t. <u>See</u> Docket 2, Dziak Aff. at 3 (arrangements between the parties ". . . allowed all invoices for shipments by [Plaintiff] of fresh fruits and vegetables to [Defendant] <u>up to July 13, 2004</u>, to be satisfied." Emphasis added.). Indeed, because there simply is/are no agreement(s) - beyond PACA - for invoices received after July 13, 2004, the Court concludes Plaintiff may enforce the PACA trust provisions. <u>See, e.g.</u>, <u>Hiller Cranberry Products, Inc. v. Koplovsky</u>, 165 F.3d 1, 8 (1st Cir. 1999)(where the Court retained jurisdiction after concluding plaintiff had complied with PACA requirements as to 75% of the total contract). Although not authoritative, the Court finds <u>Koplovsky</u> to be particularly persuasive with respect to the jurisdictional issues raised by Defendant herein.